HYMAN B. RUBIN, Appellant, *v.* CHARLES ASKINS, Respondent.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Sales — action by seller to recover agreed price of goods — salesman has no implied authority to make agreement for return of goods — reversible error to charge that such agreement is binding — agreement not incidental to salesman's authority.

In an action by a seller to recover the agreed price of goods, in which the defendant claimed that plaintiff's salesman had told him that he need not return the goods but if by the end of the season he had not been able to dispose of them plaintiff would accept their return, it was reversible error to charge the jury that the salesman, " being the only person with whom the transaction was made, any terms agreed upon between the two were binding."

A salesman has no implied power beyond that which is usual and necessary to bring about a sale and the alleged agreement in this case was not incidental to the salesman's selling authority.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, rendered in favor of defendant upon the verdict of a jury, and from an order denying plaintiff's motion to set aside the verdict and for a new trial.

*Meyer Marlow* (*Paul L. Ross*, of counsel), for the appellant.

*Lewin & Scherer* (*Edward Scherer*, of counsel), for the respondent.

*Per Curiam.* Plaintiff sued to recover the agreed price of certain merchandise consisting of coats. Defendant claimed that the merchandise delivered was not in accordance with sample, that certain defects were discovered after acceptance by defendant. Ten coats were returned by defendant and accepted by plaintiff.

Defendant resisted payment for the balance upon a claim that plaintiff's salesman had told him that he need not return these coats, but if by the end of the season, he had not been able to dispose of them, plaintiff would accept their return. This alleged agreement on the part of the salesman was denied. The authority of the salesman to make such an agreement, assuming that it was made, was not shown. There was no proof that plaintiff knew of this alleged agreement or that he had in any way ratified it. The right to make such an agreement is not incidental to a salesman's selling authority. A salesman has no implied power beyond that which is usual and necessary to bring about the sale. The court erred in charging the jury that the salesman " being the only person with whom the transaction was made, any terms agreed upon between the two were binding * * *. That there is no question of the authority of the salesman. Any agreement made between him and the defendant is binding."

The judgment entered on the verdict of the jury must, therefore, be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgment reversed.